1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

11  ADRIAN JOE WHITE,                                    CASE NO. 1:10-cv-01647-LJO-SKO

12                            Plaintiff,                 **ORDER DISMISSING PLAINTIFF'S**
                                                         **COMPLAINT WITH LEAVE TO**
13        v.                                             **AMEND**

14  JOHNATHON BITTIS RSKOVISH;
    LIBERTY   MUTUAL   FIRE   INSURANCE
15  COMPANY,

16                            Defendants.
                                                    /
17

18                              **FACTUAL BACKGROUND**

19          On September 8, 2010, Plaintiff filed this action against Liberty Mutual Fire Insurance

20  Company and Johnathon Bittis Ruskovish.  Plaintiff states that his claims arise under 42 U.S.C.

21  § 1983 and requests declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

22          The factual basis of Plaintiff's complaint is not particularly clear.  Plaintiff names Johnathon

23  Bittis Ruskovish and Liberty Mutual Fire Insurance Company ("Defendants") as defendants who

24  were involved in events surrounding a traffic accident that occurred on September 27, 2005.

25  Plaintiff asserts that, while on his bicycle, he was hit by a vehicle driven by Defendant Ruskovish.

26  Defendant Ruskovish is apparently insured by Defendant Liberty Mutual Fire Insurance Company.

27  Plaintiff filed suit against Defendants in Sacramento County Superior Court for, among other things,

28  personal injuries he received during the accident.

Although the events as set forth in the complaint are not entirely clear, it appears Plaintiff was initially represented in his personal injury suit against Defendants by Scranton Law Firm, but that firm withdrew its representation of Plaintiff before the case concluded. Plaintiff asserts that, during the personal injury suit, Defendants refused to make a settlement offer, and Plaintiff ultimately withdrew his complaint or his complaint was otherwise dismissed involuntarily. Following the dismissal of the complaint, Defendants sought fees and costs against Plaintiff related to that litigation, and a lien was apparently placed on Plaintiff's property. Plaintiff asserts that Scranton Law Firm did not inform him of sensitive deadlines that might result in the dismissal of his case.

Plaintiff also complains that the Sacramento County Superior Court's dismissal of his case deprived him of constitutional rights guaranteed to him under the First, Eighth, Fifth, Sixth, and Fourteenth Amendments. Complaint ("Compl.") at 4. Plaintiff states that he is "seeking to initiate an appeal of the dismissal of [his] original complaint." Compl. at 6.

## DISCUSSION

### A.    Screening Standard

The Court is required to screen complaints brought by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B.    Failure to State a Claim

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.    Analysis**

**1.    The Section 1983 Claim Against Defendants Should Be Dismissed**

Title 42 U.S.C. § 1983 states, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured . . . .

For Plaintiff to state a valid Section 1983 claim, Plaintiff must show that Defendants acted under the color of state law.  *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).  A defendant has acted under the color of state law when he or she has "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Private citizens are not generally liable under Section 1983 because they do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor who undertakes prohibited conduct.  *Tower v. Glover*, 467 U.S. 914, 920 (1984).

The key calculus as to whether a person is a state actor is determining if the constitutional deprivation is "fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1992) (internal citation and quotation omitted).  There are "at least" four criteria that can be used to determine whether a private party is a state actor for Section 1983 purposes: public function, joint

action, government compulsion, and governmental nexus. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

There are no facts alleged in the complaint that indicate that Defendants are state actors or that they acted jointly with state actors during the course of events surrounding the September 2005 traffic accident. Defendants appear to be a private citizen and a corporation. Based on the facts alleged, Defendants' actions are not fairly attributable to the state. *Rendell-Baker*, 457 U.S. at 838. Without any allegations establishing that Defendants are state actors, Plaintiff's Section 1983 claim is not viable.

### 2.     Legal Malpractice Claim Against Scranton Law Firm

Here, Scranton Law Firm is neither listed in the caption of Plaintiff's complaint nor named a defendant in the section of the form complaint where the defendants are listed. *See* Compl. at 2, 3. Nevertheless, portions of the complaint appear to set out a cause of action against Scranton Law Firm for malpractice.[1] *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (even if improper defendant indicated in caption, complaint considered to have named proper defendant "if the allegations in the body of the complaint make it plain that the party is intended as a defendant").

The federal courts are courts of limited jurisdiction. Generally, subject matter jurisdiction in federal court is predicated on the presence of a federal question (*see* 28 U.S.C. § 1331) or on complete diversity between the parties (*see* 28 U.S.C. § 1332). The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, federal-question jurisdiction exists where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas*

---

[1] *See* Compl. at 3 ("I received [m]isrepresentation[] by Scranton law firm without notifying me, and nor can I believe the lawyer failed to notify me of any time line [sic] that would result into [sic] dismissal of my complaint and/or dismissal based on procedural grounds without reaching my underl[ying] Constitutional claim.").

4

1   *Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd.*

2   *of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

3       Generally, a claim for attorney malpractice is a state law cause of action and does not involve

4   a matter of federal law.  By itself, this claim does not involve a matter of federal law or a question

5   of substantial federal rights; thus, the federal court has no original jurisdiction over this claim.  While

6   Plaintiff may believe that his attorney's shortcomings in Plaintiff's personal injury civil action caused

7   a violation of his constitutional rights – creating a question of substantial federal rights – as pled in

8   the complaint, Plaintiff's attorney was a private actor.  Subject to certain exceptions which do not

9   exist here, private actors are not generally liable for constitutional deprivations, and a Section 1983

10   claim cannot typically be maintained against private actors for private conduct.  *See Sutton v.*

11   *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (presuming that "private conduct

12   does not constitute governmental action").  Moreover, Plaintiff's personal injury suit was a civil

13   matter, not a criminal defense matter where Sixth Amendment issues might arise.

14       Subject matter jurisdiction may also be founded on diversity.  Diversity "requires that the

15   parties be in complete diversity and the amount in controversy exceed $75,000."  *See Matheson v.*

16   *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  "Complete diversity" means

17   that all plaintiffs must have citizenship different than all defendants.  *See Owen Equip. & Erection*

18   *Co. v. Kroger*, 437 U.S. 365, 373 (1978).  The allegations of Plaintiff's complaint do not show that

19   there is complete diversity in this case between Plaintiff and each Defendant.  There is also no

20   allegation that the amount in controversy exceeds $75,000.  The Court cannot conclude that there

21   is subject matter jurisdiction predicated on diversity under 28 U.S.C. § 1332.

22       Further, as the Section 1983 claim is deficient and should be dismissed, there is no federal

23   claim "upon which to append" the state law cause of action for malpractice.  *Aragon v. Federated*

24   *Dep't Stores, Inc.*, 750 F.2d 1447, 1458 (9th Cir. 1985) (without federal claim, no basis for asserting

25   jurisdiction over state law claim).

26       Moreover, there are so few details related to the facts underlying the cause of action that,

27   even if the Court had jurisdiction over this claim, it is subject to dismissal for failure to state a claim

28   upon which relief can be granted.  The elements of a cause of action for attorney malpractice include:

(1) the duty of the attorney to use such skill, prudence, and diligence as members of the profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage. *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1621 (1994). Here, there are simply too few allegations as to how Plaintiff's attorney breached his duty or caused Plaintiff's injury to state a cause of action for attorney malpractice. For all of these reasons, Plaintiff's claim for attorney malpractice should be dismissed.

**3.    An Appeal of the Sacramento County Superior Court Decision Cannot Be Taken in This Court**

Plaintiff states that he is "seeking to initiate an appeal of the dismissal of my original complaint [] which the court is claiming that my claim was not timely filed." Compl. at 4:1-3.

The United States District Court is a federal trial court. This Court has no jurisdiction to entertain an appeal of a state court judgment. Under the California Rules of Court, a superior court judgment is appealed by filing a notice of appeal in that superior court where judgment was issued, and the appeal will be taken to the California Court of Appeal for the district in which the superior court is located. *See* Cal. Rules of Court § 8.100(a)(1)-(3). To the extent that Plaintiff is attempting to appeal a state court decision in this Court, it must be entertained in state court and not in this court.

**4.    Claims for Equitable Relief**

Plaintiff states that he seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202, 2283, and 2284. However, as set forth above, without a viable Section 1983 claim, the Court lacks subject matter jurisdiction over this matter and is prevented from entertaining Plaintiff's request for declaratory and injunctive relief. Further, it is unclear against whom Plaintiff seeks declaratory or injunctive relief.

**5.    Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined above. Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an

amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### CONCLUSION

Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.   Plaintiff is granted an opportunity to amend his complaint.  Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.  If Plaintiff again fails to state a claim, the Court will recommend that the entire action be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:    November 1, 2010**                        **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE