# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ADRIAN JOE WHITE, | CASE NO. 1:10-cv-01647-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING THIRTY (30) DAYS LEAVE TO AMEND** |
| v. | |
| JOHNATHON BITTIS RUSKOVISH; et al., | |
| Defendants. / | |

## FACTUAL BACKGROUND

On September 8, 2010, Plaintiff filed this action against Liberty Mutual Fire Insurance Company and Johnathon Bittis Ruskovish. Plaintiff stated that his claims arose under 42 U.S.C. § 1983, and requested declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202. On November 19, 2010, the Court dismissed Plaintiff's complaint with leave to amend.

On December 12, 2010, Plaintiff filed a First Amended Complaint ("FAC"), adding Scranton Law Firm, Glen R. Bennett, Robert J. Beren Jr., Joe Lopez, Nancy Lopez, Gregory A. Williams, Tamela G. Kennedy O'Keefe, and Michael A. Scranton as defendants (collectively "Defendants"). The FAC states that Plaintiff's claims arise out of 42 U.S.C. §§ 1983, 1984,[1] and 1985 as well as 28 U.S.C. §§ 2201 and 2202.

---

[1] 42 U.S.C. § 1984 has been repealed.

The factual basis of Plaintiff's complaint is not particularly clear. Plaintiff asserts that while on his bicycle he was hit by a vehicle driven by Defendant Ruskovish at an intersection in Fresno, California. (Doc. 9, Attachment B at 37.) Defendant Ruskovish is apparently insured by Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Plaintiff filed suit against Defendants in Sacramento County Superior Court for, among other things, personal injuries he received during the accident.

The first cause of action is for breach of contract against the Scranton Law Firm and several of the attorneys employed by the Scranton Law Firm, including "Glen R. Bennett,"[2] Robert J. Beren Jr., Tamela G. Kennedy O'Keefe, and Michael Scranton. (Doc. 9 ¶¶ 15-26.) Plaintiff alleges that he employed the legal services of the Scranton Law Firm and its attorneys to represent him in his personal injury suit against Defendant Ruskovish and Liberty Mutual. (Doc. 9 ¶ 15.) Although the events as set forth in the complaint are not entirely clear, it appears Plaintiff was initially represented in his personal injury suit by the Scranton Law Firm, but that firm withdrew from its representation of Plaintiff before the case concluded. Plaintiff asserts that Scranton Law Firm's agreement to represent him was binding "until a settlement was reached from the defendants." (Doc. 9 ¶ 16.) Further, Plaintiff asserts that the Scranton Law Firm filed his case in the Sacramento Superior County Court, which was the wrong venue as the events underlying his claims occurred in Fresno. (Doc. 9 ¶ 17.)

Plaintiff also explains that, although he thought the person who hit him while on his bike was Defendant Ruskovish, insurance documents indicate that the vehicle driven by Ruskovish was actually owned and insured by Joe and Nancy Lopez. Plaintiff has deduced that Joe and Nancy Lopez must necessarily have been the people who were driving the car, and asserts that the Scranton Law Firm failed to correctly identify them for purposes of bringing suit against them. (Doc. 9, ¶ 18 ("yet on a legal letter dated November 6, 2006[,] to the defendant who struck plaintiff with his large truck causing the injuries, defendant Bennet[t] redressed the defendant Ruskovish as being Joe and Nancy Lopez the driver and owner of the vehicle that hit plaintiff, yet attorney Bennett never sued

---

[2] Documents attached to the complaint refer to this defendant as "Bennett R. Glen." (Doc. 9, at 95.)

the defendant as being Joe Lopez but sued him as being Johnathan Bettis Ruskovish, in the complaint . . . ").)[3]

Plaintiff asserts that the Scranton Law Firm and its attorneys decided against representing him in violation of the agreement he had signed with them. After the attorneys wrongfully refused to represent him, they attempted to settle the litigation with Liberty Mutual, collected damages for Plaintiff's injuries through a lien, and wrongfully prevented Plaintiff from receiving any monetary recovery for his injuries. (Doc. 9 ¶ 20 ("defendant attorney on behalf of the Firm placed a lien on the proposed settlement claim in the even that the defendants named [Liberty Mutual] would not settle the case for $2,000,000").)

Plaintiff asserts a second cause of action against Joe and Nancy Lopez for falsely identifying themselves to police as Johnathan B. Ruskovish. Plaintiff also appears to attempt to state a claim for negligence against Joe and Nancy Lopez for driving the vehicle that hit Plaintiff. Finally, Plaintiff asserts that Defendants violated his First, Fifth, and Fourteenth Amendment rights.

## DISCUSSION

**A.      Screening Standard**

The Court is required to screen complaints brought by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.      Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must

---

[3] As far as the Court can ascertain from documents attached to the complaint, while Johnathan Bettis was the driver of the vehicle (as indicated by the police report (Doc. 9, Attachment B)), the insureds were actually Joe and Nancy Lopez (*Compare* Doc. 9 at 67 *with* Doc. 9 at 70).

3

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __ 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Analysis**

    **1.      Plaintiff Has Failed to State a Cognizable Section 1983 or 1985 Claim**

Title 42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured . . . .

For Plaintiff to state a valid Section 1983 claim, Plaintiff must allege facts indicating that Defendants acted under the color of state law. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). A defendant has acted under the color of state law when he or she has "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Private citizens are not generally liable under Section 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor who undertakes prohibited conduct. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

    The key calculus as to whether a person is a state actor is determining if the constitutional

4

deprivation is "fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1992) (internal citation and quotation omitted). There are "at least" four criteria that can be used to determine whether a private party is a state actor for Section 1983 purposes: public function, joint action, government compulsion, and governmental nexus. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Despite an opportunity to amend, there are no allegations in the FAC indicating that Defendants are state actors or that they were acting under the color of law. Defendants appear to be private citizens and private non-person entities. Based on the facts alleged, Defendants' actions are not fairly attributable to the state. *Rendell-Baker*, 457 U.S. at 838. Without any allegations establishing that Defendants are state actors, Plaintiff's assertion that his constitutional rights have been violated is not actionable under Section 1983.

Plaintiff also states in his FAC that his claims arise under 42 U.S.C. § 1985. The Court presumes that Plaintiff refers to Section 1985(3) as subsections (1) and (2) are not applicable here. A claim under 42 U.S.C. § 1985(3) requires the plaintiff to plead: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). The plaintiff must also allege sufficient facts showing "a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting *Sever*, 978 F.2d at 1536).

Plaintiff has not alleged a conspiracy for the purpose of depriving him of his rights. Further, Plaintiff has not alleged any racial or class-based discriminatory animus. Therefore, Plaintiff has failed to state a cognizable claim under Section 1985(3).

**3.    Plaintiff Has Failed to State a Cognizable Claim for Equitable Relief**

Plaintiff states that he seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. However, it is unclear against whom Plaintiff seeks declaratory or injunctive relief or on

what grounds he seeks such relief. Other than simply citing to the code sections, Plaintiff has not set forth any facts or allegations that state a claim for equitable relief. Plaintiff, therefore, has not stated a cognizable claim for equitable relief.

### 4. Remaining State Law Causes of Action

Plaintiff attempts to articulate a claim for breach of contract against the Scranton Law Firm and its attorneys for their failure to continue to represent him for the duration of his personal injury suit against Defendants Ruskovish and Liberty Mutual. Plaintiff claims that the refusal to continue their representation of him was a breach of the retainer agreement executed between Plaintiff and the firm. Plaintiff also attempts to set forth a claim for "fraud, deceit, false identity to police to prevent civil rights suit for personal injury to be filed against Joe and Nancy Lopez." (Doc. 9, ¶¶ 27-32.) Additionally, the FAC appears to state a claim for negligence against Joe and Nancy Lopez for their alleged involvement in the car accident causing Plaintiff's injuries. All of these causes of action are state law claims.[4]

The district courts have discretion to determine whether to retain or decline supplemental jurisdiction over state law claims after the plaintiff's federal claims are dismissed. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). The court's exercise of jurisdiction, and its decision to decline or retain supplemental jurisdiction "is a responsibility that district courts are duty bound to take seriously." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

In making this determination, the court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by

---

[4] There is no indication that any of the Defendants are diverse to Plaintiff such that the Court could exercise diversity jurisdiction over Plaintiff's state law claims. It may be that Defendant Liberty Mutual is not a California corporation such that it is diverse to Plaintiff. However, no state law cause of action appears to be pled against Liberty Mutual. Moreover, diversity jurisdiction requires complete diversity between Plaintiff and all Defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  This is true particularly "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Considering these factors, the circumstances here weigh in favor of declining supplemental jurisdiction over any potential state law claims that Plaintiff may have against Defendants. Considering the procedural posture of the case, this matter is still in its earliest stages. None of the Defendants has been served with the complaint, and Plaintiff remains free to bring this suit in state court. *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) *overruled on other grounds by Acri*, 114 F.3d at 1000 ("[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.").  As there do not appear to be any extraordinary or unusual circumstances that would counsel against dismissal, should Plaintiff fail to sufficiently amend his federal law claims, the Court will recommend that supplemental jurisdiction under 28 U.S.C. § 1367(c) over Plaintiff's state law claims not be exercised.

**5.     Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

Plaintiff will be given a final opportunity to amend the deficiencies of the complaint as outlined above.  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.     Within **30 days** from the date of service of this order, Plaintiff shall file an amended

complaint;

3. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 27, 2011**                          /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE